UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

IN RE:                                                     Chapter 13

PAMELA E. BELLAMY,                                         CASE NO.: 8:16-bk-74097

Debtor.                                                    Judge: Alan S. Trust

-------------------------------------------------------------------X

GUSTAVIA HOME, LLC,

Plaintiff,

-against-

U.S. BANK NATIONAL ASSOCIATION AS
INDENTURE TRUSTEE FOR THE TOWD POINT
MORTGAGE TRUST ASSET-BACKED
SECURITIES, SERIES 2016-4, and SELECT
PORTFOLIO SERVICING, INC.,

Defendants.

-------------------------------------------------------------------X

## COMPLAINT

GUSTAVIA HOME, LLC, as Plaintiff herein, complains of Defendants U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR THE TOWD POINT MORTGAGE TRUST ASSET-BACKED SECURITIES, SERIES 2016-4 ("U.S. Bank as Trustee") and SSELECT PORTFOLIO SERVICING, INC., as follows:

### JURISDICTION AND VENUE

1.      This action is brought pursuant to sections 105(a), 502, 506 of title 11, United States Code (the "Bankruptcy Code") and under Rules 3007, 3012, 7001(2) and (9) and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2.      This Court has jurisdiction over this action under 28 U.S.C. sections 157 and 1334 and the standing order of the United States District Court for the Eastern District of New York, referring all bankruptcy cases filed herein and all matters arising in and under said cases and related thereto the Bankruptcy Judges of this District, as the action arises in and under and/or relates to the instant Chapter 13 bankruptcy case of the Debtor.

3.      This action is a proceeding arising under the Bankruptcy Code and arises in and is related to a case under the Bankruptcy Code as contemplated under 28 U.S.C. section 157(b)(1).

4.      This action is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(A), (B), (K) and (O).

## GENERAL ALLEGATIONS

5.      On June 22, 2005, debtor Pamela E. Bellamy (the "Debtor") executed a mortgage ("Gustavia's Mortgage") in favor of WMC Mortgage Corp., encumbering the property located at 136 Woodside Avenue, Freeport, New York 11520 (the "Property").

6.      On August 30, 2005, Gustavia's Mortgage was recorded in Liber: 29314, Page 633 in the Nassau County Clerk's Office.

7.      Gustavia's Mortgage secures a promissory note ("Gustavia's Note") in the original principal amount of $68,000.00, which Note was also executed by the Debtor on June 22, 2005, and delivered to WMC Mortgage Corp.

8.      Gustavia's Mortgage and Note were assigned through Assignments of Mortgage and endorsements upon the promissory Note to Gustavia Home, LLC.

9.      Debtor also executed a mortgage in favor of U.S. Bank, as Trustee's predecessor-in-interest, which encumbers the Property in exchange for a loan (the "U.S. Bank Mortgage" and the "U.S. Bank Note," collectively the "U.S. Bank Loan").  Said loan was serviced by Select

Portfolio Servicing, Inc. ("SPS"). Upon information and belief, Debtor entered into a modification with U.S. Bank, as Trustee or its predecessor-in-interest in 2009 which increased the principal balance of the U.S. Bank Loan.  Said modification is serviced by SPS.

10.     The Assignment of Mortgage into Gustavia Home, LLC, is dated October 9, 2015, and was recorded in the Nassau County Clerk's Office on January 25, 2016, as Liber 40969, Page 993.

11.     On July 19, 2016, Gustavia Home, LLC, filed a verified foreclosure complaint seeking to foreclose on Gustavia's Mortgage due to Debtor's failure to make payments under its terms ("Gustavia's Foreclosure") [docket no. 13 of case no. 16-74097].

12.     Less than two (2) months later, on September 7, 2016, Debtor commenced the bankruptcy case (the "Case") by filing a voluntary petition for relief pursuant to Chapter 13, Title 11 of the United States Code with the United States Bankruptcy Court for the Eastern District of New York (the "Court").

13.     Plaintiff now files this action seeking to recover under unjust enrichment and seeking a declaratory judgment that the Gustavia Mortgage has priority over the U.S. Bank as Trustee Mortgage.

## CAUSES OF ACTION

### UNJUST ENRICHMENT

14.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "14" of the Complaint with the same force and effect as if more specifically set forth herein.

15.     Upon information and belief, Debtor defaulted on the U.S. Bank Mortgage and U.S. Bank Note and a loan modification was offered to Debtor by U.S. Bank, as Trustee (the "Loan

Modification") to avoid foreclosure.

16.    Upon information and belief, the Loan Modification increased the principal balance of the U.S. Bank Loan and gave U.S. Bank as Trustee the opportunity to secure more money than it had prior to the Loan Modification.

17.    Upon information and belief, over the life of the U.S. Bank Loan, the Loan Modification will allow it to recover more than it would have under the original U.S. Bank Mortgage and Note.

18.    The Loan Modification also gave U.S. Bank as Trustee a greater security interest to the Property than what it originally had under the U.S. Bank Mortgage.

19.    This greater security interest in the Property that U.S. Bank as Trustee obtained through the Loan Modification was to the detriment of Plaintiff.

20.    The Loan Modification eliminated equity from the Property, reducing Plaintiff's ability to recover the amounts due under its Gustavia's Note and Gustavia's Mortgage.

21.    Since U.S. Bank as Trustee eliminated the equity from the Property, it has been unjustly enriched.

22.    U.S. Bank, as Trustee, by failing to bring its own foreclosure action expeditiously, created an unjustifiable impairment of collateral, thereby materially prejudicing the interests of Plaintiff.

23.    Defendant is being unjustly enriched under the terms of the Loan Modification. Plaintiff should be declared a secured lien against the Property with priority over the Loan Modification and the amounts due under it.

## DECLARATORY JUDGMENT FOR
## SUBORDINATION OF U.S. BANK MORTGAGE

24.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "24" of the Complaint with the same force and effect as if more specifically set forth herein.

25.     Under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *Fleet Bank of N.Y. v County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dep't 1996) (citing *Shultis v. Woodstock Land Dev. Assocs.*, 188 AD2d 234, 236-237, 594 NYS 890 (3d Dep't 1993) and *Empire Trust Co. v Park-Lexington Corp.*, 243 AD 315, 321, 276 NYS 586 (1st Dep't 1934)); *see also In re Whi*te, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (internal citations omitted) (Senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent.").

26.     The Loan Modification created a substantial, material and adverse impairment of the Gustavia Note and Gustavia Mortgage.

27.     The Loan Modification was entered into after the Gustavia Note was delivered by the Debtor to Plaintiff and the Gustavia Mortgage was recorded.

28.     Plaintiff received no written notice or other advisement of the Modifications in violation of New York law.

29.     Plaintiff never consented to the Modifications.

30.    The actual, substantial and adverse impact on the Gustavia Mortgage has caused a changed circumstance between the U.S. Bank as Trustee and the Gustavia Mortgage that requires the U.S. Bank Mortgage to become subordinate to the Gustavia Mortgage.

31.    Therefore, New York law renders the U.S. Bank Mortgage wholly subordinate to the Gustavia Mortgage, and the Gustavia Mortgage becomes the first position mortgage against the Property.

**DECLARATORY JUDGMENT FOR**
**PARTIAL SUBORDINATION OF U.S. BANK MORTGAGE**

32.    Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in Paragraphs "1" through "32" of the Complaint with the same force and effect as if more specifically set forth herein.

33.    If it is determined that the unpaid principal balance under the Loan Modification is greater than the unpaid principal balance under the U.S. Bank Mortgage, then the difference between the Loan Modification and U.S. Bank Mortgage must be made subordinate to Gustavia Mortgage.

34.    The priorities of the U.S. Bank Mortgage, as bifurcated and the Gustavia Mortgage would be: (a) U.S. Bank Mortgage; (b) Gustavia Mortgage; and (c) the amount which equals the Loan Modification principal balance minus the original principal balance of the U.S. Bank Mortgage.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against U.S. Bank as Trustee as follows:

1.  On the First Cause of Action, for unjust enrichment;

2. On the Second Cause of Action, subordinating in full the U.S. Bank Mortgage to the Gustavia Mortgage;

3. On the Third Cause of Action, subordinating part of the U.S. Bank Mortgage in an amount to be determined of the U.S. Bank as Trustee Mortgage to the Gustavia Mortgage;

4. That Plaintiff be awarded Attorneys' Fees, Costs and Disbursements for this Action; and

5. Such other relief as the Court deems just, equitable and proper.

Dated: Brooklyn, New York
        March 9, 2017

*/s/Morris Fateha*
Morris Fateha, Esq.