**VOGEL BACH & HORN, LLP**
Eric H. Horn, Esq.
1441 Broadway, 5th Floor
New York, New York 10018
Tel. (212) 242-8350
Fax (646) 607-2075

*Counsel to Gustavia Home, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PAMELA BELLAMY,<br><br>            Debtor. | Chapter 13<br><br>Case No. 16-74097 (AST) |
| GUSTAVIA HOME, LLC,<br><br>            Plaintiff,<br><br>-against-<br><br>U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR THE TOWD POINT MORTGAGE TRUST ASSET-BACKED SECURITIES, SERIES 2016-4, and SELECT PORTFOLIO SERVICING, INC.,<br><br>            Defendants. | Chapter 13<br><br>Adv. P. No. 17-08021 (AST) |

**PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION TO DISMISS**

Gustavia Home, LLC ("*Gustavia*"), by and through its undersigned counsel, hereby files this Objection (the "*Objection*") to the motion (the "*Motion*") of U.S. Bank National Association as Indenture Trustee for the Towd Point Mortgage Trust Asset Back Securities 2016-4 ("*US Bank*") and Select Portfolio Servicing (the "*Servicer*" and together with US Bank, the

"***Defendants***") to dismiss the Complaint filed by Gustavia. In support of the Objection, Gustavia respectfully states as follows:

## PRELIMINARY STATEMENT

1. By its papers, the Defendants request that this Court dismiss Gustavia' instant adversary proceeding. They essentially assert that their version of the facts is correct and Gustavia is wrong. Their papers make reference to various alleged facts which they expect the Court to accept as true. For instance, they assert as a premise for their sought relief, that the modification they entered into with the Debtor, without the consent of Gustavia, and which substantially increased the amount owing, did nothing more than re-amortize arrearages. Gustavia disagrees and has issued discovery to address that and other issues.

2. Additionally, Defendants argue that Gustavia's facts are incorrect and Gustavia has not otherwise properly plead according to federal standards. With regard to the facts, Gustavia disagrees with Defendants' assertion, but more importantly, courts have routinely held that Gustavia's facts are to be accepted as true for purposes of a 12(b)(6) motion. With regard to the initial pleading standard of setting forth a basic claim on which relief may be granted, Gustavia most certainly satisfies this standard.

3. Accordingly, for the reasons set forth below, Gustavia respectfully submits that the Defendants' Motion be denied.

## RELEVANT FACTS

4. On June 22, 2005, the Debtor executed a mortgage (the "***Gustavia Mortgage***") in favor of WMC Mortgage Corp., encumbering the property located at 136 Woodside Avenue, Freeport, New York 11520 (the "***Property***").

5. On August 30, 2005, Gustavia's Mortgage was recorded in Liber: 29314,

Page 633 in the Nassau County Clerk's Office.

6. Gustavia's Mortgage secures a promissory note (the "*Note*") in the original principal amount of $68,000.00.

7. Gustavia's Mortgage and Note were assigned through Assignments of Mortgage and endorsements.

8. The Debtor also executed a mortgage in favor of U.S. Bank's (as trustee), predecessor-in-interest, which encumbers the Property in exchange for a loan (the **"*U.S. Bank Mortgage*"** and the "**U.S. Bank Note**," collectively the "**U.S. Bank Loan**"). Such loan is being serviced by the Servicer.

9. The Assignment of Mortgage into Gustavia is dated October 9, 2015, and was recorded in the Nassau County Clerk's Office on January 22, 2016, as Liber 40969, Page 993.

10. On July 19, 2016, Gustavia filed a verified foreclosure complaint seeking to foreclosure on Gustavia's Mortgage due to Debtor's failure to make payments under its terms [docket no. 13 of case no. 16-74097].

11. On September 7, 2016 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "***Chapter 13 Case***") in the United States Bankruptcy Court for the Eastern District of New York (the "***Court***").

12. On September 30, 2016, the Debtor filed a motion seeking the entry of an order deeming the claim asserted by Gustavia in connection with the Gustavia Mortgage as an unsecured claim to the extent provided under 11 U.S.C. §§ 506 and 1322 and voiding Gustavia's mortgage lien [Docket No. 13]. That motion was denied by this Court by Order dated March 28, 2017 [Docket No. 47].

13. On January 23, 2017, U.S. Bank, as trustee, filed Proof of Claim No. 2 in

this Chapter 13 Case, indicating that its mortgage with the Debtor was modified.

14. Such modification was done without the consent of Gustavia or its predecessors in interest and substantially impaired Gustavia's collateral. Indeed, Gustavia submits that the modification increased the principal balance of the U.S. Bank Loan and gave US Bank as trustee the opportunity to secure more money than it had prior to the modification.

15. Additionally, the modification will allow US Bank to recover more than it would have under the original U.S. Bank Mortgage and Note and gave US Bank a greater security interest to the Property than what it originally had under the U.S. Bank Mortgage – all to the detriment of Gustavia.

16. The modification essentially eliminated equity from the Property, thus reducing Gustavia's ability to recover the amounts due under its Note and Mortgage.

17. On March 9, 2017, Gustavia commenced in this Court the instant adversary proceeding entitled *Gustavia Home, LLC v. U.S. Bank National Association as Indenture Trustee for the TOWD Point Mortgage Trust Asset-Backed Securities 2016-4, and Select Portfolio Servicing Inc.*, Adversary Pro. No. 17-08021 (AST) (the "***Adversary Proceeding***").

18. In early May 2017, Gustavia engaged the firm of Vogel Bach & Horn, LLP to serve as its special counsel with regard to the Adversary Proceeding.

19. On May 8, 2017, Gustavia served discovery demands upon the Servicer with regard to the Adversary Proceeding.

**ARGUMENT**

**I.    THE COMPLAINT SUFFICIENTLY STATES A CLAIM
FOR RELIEF AND SHOULD NOT BE DISMISSED**

    **A.    Legal Standard**

    20.    In deciding a motion to dismiss a Complaint under Rule 12(b)(6), a court must accept all factual allegations in the complaint and draw . . . all reasonable inferences in the plaintiff's favor. *See Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008) (internal quotation marks omitted). Because the court assumes the veracity of the allegations, the Plaintiffs are required only to provide the grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the conduct alleged.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Stated differently, so long as the plaintiff alleges facts to support a theory that is not facially implausible, the court's skepticism is best reserved for later stages of the proceedings when the plaintiff's case can be rejected on evidentiary grounds. *Id*.  A complaint containing allegations that, if proven, present a winning case is not subject to dismissal under FRCP 12(b)(6), no matter how unlikely such winning outcome may appear to the court. *Id*. at 791.

    21.    Numerous factual issues exist regarding the actions taken by the Defendants with regard to the loan modification.  In their papers, Defendants make blanket statements that the modification, which they concede was done without the consent of Gustavia, does not prejudice Gustavia since it merely re-amortized outstanding amounts.  As noted above, Gustavia disagrees with that statement and has issued discovery on the Defendants to address, among other things, that issue.  Until discovery is complete, Gustavia submits that Defendants' statements are nothing

more than mere allegation, and applying the Rule 12(b)(6) standard, simply do not warrant dismissal of this case.

## II.  ALL OF PLAINTIFF'S CLAIMS MEET OR EXCEED THE FEDERAL PLEADING STANDARD

### A.  Gustavia Adequately Pleads and Demonstrates Unjust Enrichment

22.   "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitted defendant to retain what plaintiff is seeking to recover." *Grynberg v. ENI S.P.A.*, 503 F. App'x 42, 43 (2d Cir. 2012).

23.   "The essence of unjust enrichment is that one party received a benefit as the expense of another." *In re Worldcom, Inc*. 371 B.R. 33, 38 (Bankr. S.D.N.Y. 2007). A person may be unjustly enriched not only where the Defendant receives money or property, but also where the Defendant otherwise receives a benefit to the expense of Plaintiff. *Id*. "The unjust enrichment inquiry focuses on the human setting involved and not merely on the transaction in isolation." *Id*.

24.   Here, Gustavia clearly states a claim for unjust enrichment against Defendants. Indeed, as alleged in the Complaint, Defendants were enriched by increasing the amounts allegedly owed by the Debtor, without first obtaining Gustavia's consent thus further encumbering equity value at Gustavia's expense. Because of such, and in accordance with New York jurisprudence, equity and good conscience demonstrate that Defendants should not be entitled to retain the benefit received via the modification at the expense of Gustavia. Indeed, as discussed in greater detail in the below sections, under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses

priority to the junior mortgage. *See, e.g., Fleet Bank of N.Y. v. County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dep't 1996).

25. At bottom, the Defendants' loan modification with the Debtor, which Gustavia did not approve, allowed Defendants to recover more than they would have under the Mortgage and Note. Furthermore, the loan modification gave the Defendants a greater security interest to the Property at the expense of Gustavia. The loan modification eliminated equity from the Property, therefore, reducing Gustavia's ability to recover the amounts due under its Gustavia mortgage and note.

### B. Subordination of the U.S. Bank Loan is Warranted

26. In their papers, Defendants appropriately note and cite to the proposition that:

> [i]t is well established that while a senior mortgage can enter into an agreement with the mortgagor modifying the terms of the underlying note or mortgage without first having to notify any junior lienors or to obtain their consent, ***if the modification is such that it prejudices the rights of the junior lienors or impairs the security, their consent is required. Failure to obtain the consent in these cases results in the modification being ineffective as to the junior lienors and the senior lienors relinquishing to the junior lienors its priority with respect to the modified terms***.

*Shultis v. Woodstock Land Dev. Assoc.*, 188 A.D.2d, 234, 236 (3d Dep't 1993) (emphasis added).

27. Additionally, under New York law, when a modification of a senior mortgage "substantially impairs the security interest of the junior lienors or effectively destroys their equity" without the consent of the junior mortgagee, the senior mortgage loses priority to the junior mortgage. *See, e.g., Fleet Bank of N.Y. v. County of Monroe Indus. Dev. Agency*, 224 A.D.2d 964, 965, 637 N.Y.S.2d 870 (4th Dep't 1996) (citing *Shultis v. Woodstock Land Dev. Assocs.*, 188 A.D.2d 234, 236-37, 594 N.Y.S. 890 (3d Dep't 1993) and *Empire Trust Co. v Park-*

*Lexington Corp.*, 243 A.D. 315, 321, 276 N.Y.S. 586 (1st Dep't 1934)); *see also In re White*, 514 B.R. 365, 369-370 (E.D.N.Y. 2014) (internal citations omitted) (senior lien holder will be divested of its priority and junior lien holder will be elevated to a position of superiority when the modification of senior lien "prejudices the rights of the junior lien holder or impairs its security, and is made without the junior lien holder's consent").

28. Defendants attempt to get around this by purporting that the modification did nothing more than add in arrearages in to the amount. Gustavia contests such assertion and as noted above has served discovery on Defendants to address that and other issues. The discovery response deadlines have been extended upon request by Defendants. Despite the well-settled law and Gustavia's allegations set forth in the Complaint, which applying the 12(b)(6) dismissal standard should be taken as true for the purposes of the relief sought by Defendants, Defendants still move for dismissal essentially stating that their facts are right and Gustavia's are wrong.

29. Gustavia submits that discovery will demonstrate that Defendants' modification with the Debtor, without the consent of Gustavia, substantially prejudiced Gustavia and was not warranted. The facts alleged by Gustavia, which are to be taken as true for purposes of a rule 12(b)(6) motion, are adequately plead and certainly satisfy the federal pleading requirements.

30. The same rings true with regard to partial subordination. *See In re White*, 514 B.R. 365, 370 (Bankr. E.D.N.Y. 2014) ("[w]here the actions of the senior lien holder prejudice the junior lien holder, but do not substantially impair their security interest or destroy their equity, the senior lien holder will be required to relinquish to the junior holder its priority with respect to the modified terms only").

31.     Accordingly, Gustavia respectfully submits that the Defendants' requested relief is not warranted and the Motion should be denied.

## **CONCLUSION**

32.     For the foregoing reasons and all the others discussed in Plaintiff's Complaint, Gustavia respectfully requests that the Motion be denied and the Court grant Gustavia such other and further relief as is just and proper.

Dated:  June 16, 2017
      New York, NY

**VOGEL BACH & HORN, LLP**

By:    */s/ Eric H. Horn*
     Eric H. Horn, Esq.
     1441 Broadway, 5th Floor
     New York, New York 10018
     Telephone: (212) 242-8350
     Facsimile: (646) 607-2075

*Counsel to Gustavia Home LLC*