UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

Pamela E. Bellamy

Case No.: 16-74097-ast
Chapter 13

Debtor.
----------------------------------------------------------------X
Gustavia Home, LLC,

Plaintiff,

v.

Adv. Pro. No.: 17-8021-ast

U.S. Bank National Assocation as Indenture
Trustee for the Towd Point Mortgage Trust
Asset-Backed Securities 2016-4, and
Select Portfolio Servicing, Inc,

Defendants.
----------------------------------------------------------------x

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Pending before the Court is the motion to dismiss (the "Motion to Dismiss") filed by U.S. Bank National Assocation as Indenture Trustee for the Towd Point Mortgage Trust Asset-Backed Securities 2016-4 ("U.S. Bank") and Select Portfolio Servicing, Inc. ("SPS", and together with U.S. Bank, the "Defendants"). Defendants seek dismissal of the adversary proceeding commenced by Gusatvia Home, LLC (the "Plaintiff"). For the reasons set forth herein, the Motion to Dismiss is denied.

## JURISDICTION

The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (K), (O) and 1334(b), and the Standing Orders of Reference in effect in the Eastern District of New York dated August 28, 1986, as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

## BACKGROUND AND PROCEDURAL HISTORY[1]

On September 7, 2016, Patricia Bellamy (the "Debtor") filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code"). [M.C. dkt item 1]

On September 30, 2016, Debtor filed a motion pursuant to 11 U.S.C. §§ 506 and 1322 to avoid a junior lien against Debtor's real property known as 136 Woodside Avenue, Freeport, New York 11520 (the "Property") (the "Motion to Avoid"). [M.C. dkt item 13] In the Motion to Avoid, Debtor valued the Property at $240,000 and asserted the Property was encumbered by two mortgages: (1) a first mortgage held by "Fay," that Defendant U.S. Bank is the present-assignee of, with a principal balance of approximately $343,499 (the "U.S. Bank Mortgage"); and (2) a second mortgage held by Plaintiff with a principal balance of approximately $120,743.

After an evidentiary hearing, the Court denied the Motion to Avoid without prejudice. [M.C. dkt item 47]

On March 9, 2017, Plaintiff commenced this adversary proceeding. [dkt item 1] Plaintiff alleges, *inter alia*, that following Debtor's default on the U.S. Bank Mortgage, Defendants and Debtor entered into a loan modification without Plaintiff's consent which increased the principal on the U.S. Bank Loan, impaired Plaintiff's security interest, and eliminated equity in the Property (the "Loan Modification").  Plaintiff asserts three causes of action against Defendants: (1) unjust enrichment; (2) subordination of the U.S. Bank Mortgage in full; and (3) alternatively, subordination of the U.S. Bank Mortgage to the extent the principal of the U.S. Bank Mortgage increased due to the Loan Modification.

---

[1] The factual background and procedural history are derived from the pleadings, exhibits submitted by the parties, and matters of which the Court may take judicial notice.

On April 27, 2017, Defendants filed the Motion to Dismiss. [dkt item 6] Defendants assert the Loan Modification merely reamortized the U.S. Bank Loan, the principal was adjusted to capitalize arrears, and no new funds were advanced to Debtor.

On May 5, 2017, the parties agreed to extend Plaintiff's time to file a response to the Motion to Dismiss. [dkt item 10]

On June 16, 2017, Plaintiff filed its opposition, reiterating the factual allegations and legal arguments set forth in the Complaint. [dkt item 11]

## DISCUSSION

### *Legal Standard for the Motion to Dismiss*

Under the U.S. Supreme Court's *Iqbal*/*Twombly* analysis, to survive a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, a complaint must contain sufficient factual matter, which, when accepted as true, is adequate to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the relief sought. *Iqbal*, 556 U.S at 678; *Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted" so as to create liability. *Iqbal*, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal citations omitted)).

Neither *Iqbal* nor *Twombly* departed from the standard that, in considering a FRCP 12(b)(6) motion, a court is to accept as true all factual allegations in the complaint and draw all

3

inferences in favor of the plaintiff. *Id.* at 678-79; *Twombly*, 550 U.S. at 556-56. However, as the Supreme Court stated in *Iqbal*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, a court need not "accept as true a legal conclusion couched as a factual allegation," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (citing FED. R. CIV. P. 8(a)(2)).

In deciding a motion to dismiss, the Court must limit its review to facts and allegations contained in the complaints, documents incorporated into the complaints by reference or attached as exhibits and matters of which this Court may take judicial notice. *Blue Tree Hotels, Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004); *Moxey v. Pryor* (*In re Moxey*), 522 B.R. 428, 437-38 (Bankr. E.D.N.Y. 2014); *see also Int'l Tobacco Partners, Ltd. v. Ohio* (*In re Int'l Tobacco Partners, Ltd.*), 462 B.R. 378, 385 (Bankr. E.D.N.Y. 2011) ("The Court may also consider documents that are integral to the complaint in deciding a motion to dismiss." (citing *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007))). Further, the Court has the authority to consider "the full text of documents that are quoted in the complaint or documents that the plaintiff either possessed or knew about and relied upon in bringing the suit." *Holmes v. Air Line Pilots Association*, 745 F. Supp. 2d 176, 198 (E.D.N.Y. 2010) (internal citations omitted). If the documents contradict the allegations of the Complaint, the documents themselves control and the Court does not need to accept as true any contradictory allegations concerning those documents. *Id.*

*Subordination*

Plaintiff seeks a declaratory judgment its mortgage has priority, in whole or in part, over the U.S. Bank Mortgage. As a general rule, a senior mortgagee may enter into a modification agreement with the mortgagor for the underlying note or mortgage without obtaining the consent of the junior mortgagee. *Sperry Assocs. Fed. Credit Union v. U.S. Bank Nat'l Ass'n* (*In re White*), 514 B.R. 365, 369 (Bankr. E.D.N.Y. 2014) (citing *Fleet Bank v. Cty. of Monroe Indus. Dev. Agency*, 224 A.D. 2d 964, 964-65, 637 N.Y.S.2d 870, 871 (App. Div. 1996)). However, if such a modification is entered into absent the junior mortgagee's consent and the junior mortgagee's rights are prejudiced or impaired by the modification, "courts have divested the senior lien holder of its priority and elevated the junior lien holder to a position of superiority." *Id.* at 370-71 (citing *Shultis v. Woodstock Land Dev. Assoc.*, 188 A.D. 2d 234, 236, 594 N.Y.S. 2d 890, 892 (App. Div. 1993)). "Failure to obtain . . . consent in these cases results in the modification being ineffective as to the junior lienor[] and the senior lienor relinquishing to the junior lienor[] its priority with respect to the modified terms." *Shultis*, 188 A.D. 2d at 236, 594 N.Y.S. 2d at 892 (citations omitted). To determine whether the modification of a senior mortgage should result in the full or partial subordination of the senior mortgage, the principal factors analyzed are whether the modification increased the interest rate or the principal of the mortgage obligation. *White*, 514 B.R. at 370; *Shultis*, 188 A.D.2d at 237, 594 N.Y.S.2d at 893.

Defendants argue Plaintiff failed to state a claim for subordination or partial subordination by contending Plaintiff was not prejudiced by the Loan Modification. In Jonathan Schwalb's Affirmation in Support of the Motion to Dismiss, he states the terms of the Loan Modification provide for: (1) a new unpaid principal balance of $373,778.52, which includes capitalized arrears and a deferred, non-interest bearing principal of $76,000; (2) an interest rate

5

of 2% for the first 5 years, a step up to 3% in year 6, to 4% in year 7, and then to 4.625% in year 8 for the remainder of the loan; and (3) no new funds were advanced to Debtor. [dkt item 6-3]

In response, Plaintiff argues the Loan Modification, which was executed without Plaintiff's consent, "increase[ed] the amounts allegedly owed by . . . Debtor" and further encumbered the Property, thus hindering Plaintiff's ability to recover on its mortgage. Plaintiff contests Defendants' assertion that the Loan Modification "did nothing more than add . . . arrearages" and served discovery requests on Defendants to address whether new money was extended to Debtor, among other issues pertaining to the details of the Loan Modification.

The issue of whether the increase in the principal amount of the U.S. Bank Mortgage provided for in the Loan Modification includes new money is a question of fact, and resolving such a factual issue is inappropriate at the pleading stage. *See Saint-Martin v. Price*, No. 18-cv-00123-DAD-SKO, 2018 WL 2716907, at *4 (E.D. Cal. June 6, 2018); *Doktor*, 762 F. Supp. 2d at 500; *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F. Supp. 2d 983, 990 (D. Ariz. 2007); *Siegel v. Bridas Sociedad Anonima Petrolera Industrial Y Commercial*, No. 90 Civ. 6108 (RJW), 1991 WL 167979, at *4-6 (S.D.N.Y. Aug. 19, 1991). The Court is to accept Plaintiff's allegations as true on a FRCP 12(b)(6) motion, and because Plaintiff alleges that the principal of the U.S. Bank Mortgage increased under the Loan Modification, and that Plaintiff did not consent to this alleged increase, a plausible theory of recovery for subordination or partial subordination has been pled. Accordingly, the Motion to Dismiss is denied as to the complete or partial subordination claims.

*Unjust Enrichment*

Plaintiff 's claim for unjust enrichment requires that it plead and then prove: (1) the defendant was enriched; (2) at the plaintiff's expense; and (3) equity and good conscience weigh

against permitting the defendant to retain what the plaintiff is seeking to recover. *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004).

Plaintiff's unjust enrichment claim is based upon the same factual allegations as its subordination and partial subordination claims, which as set forth above, Defendants dispute. Nonetheless, the Complaint plausibly pleads the elements of unjust enrichment. However, the Court notes that the relief requested pursuant to this claim is redundant of the relief sought for the complete and partial subordination claims. Accordingly, the Motion to Dismiss as to Plaintiff's unjust enrichment claim is denied.

Based on the foregoing, it is hereby

**ORDERED**, that the Motion to Dismiss is denied; Defendants shall file an answer within fourteen (14) days from entry of this Order; and it is further

**ORDERED** that the Court shall issue a separate pre-trial scheduling order.



Dated: January 8, 2019
Central Islip, New York

**Alan S. Trust**
**United States Bankruptcy Judge**