UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>PAMELA E. BELLAMY,<br><br>DEBTOR.<br><br>GUSTAVIA HOME, LLC.<br><br>                      Plaintiff<br><br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE FOR THE TOWD POINT MORTGAGE TRUST ASSET-BACKED SECURITIES, SERIES 2016-4, AND SELECT PORTFOLIO SERVICING, INC.,<br><br>                      Defendants. | CHAPTER 13<br><br>CASE NO.: 8:16-bk-74097<br><br>JUDGE: ALAN S. TRUST<br><br><br>ANSWER<br><br>Adv. Pro. No.: 17-8021-ast |

U.S. Bank National Association as Indenture Trustee for the Towd Point Mortgage Trust Asset-Backed Securities, Series 2016-4 and Select Portfolio Servicing, Inc. by way of Answer to the Complaint say that:

### JURISDICTION AND VENUE

1. Defendants make no Answer to paragraph 1 of the Complaint and leave Plaintiff to its proofs.

2. Defendants make no answer to paragraph 2 of the Complaint and leave Plaintiff to its proofs.

3. Defendants make no Answer to paragraph 3 of the Complaint and leave Plaintiff to its proofs.

4. Defendants make no Answer to paragraph 4 of the Complaint and leave Plaintiff to its proofs.

## GENERAL ALLEGATIONS

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants have neither the information nor knowledge sufficient to either admit or deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants admit that the Debtor executed a mortgage in favor of U.S. Bank, as Trustees predecessor-in-interest which encumbers the Property in exchange for a loan and that said loan was serviced by Select Portfolio Servicing, Inc. Defendants further admit that Debtor entered into a modification agreement with U.S. Bank, as Trustee or its predecessor-in-interest in 2010 which did not increase the principal balance of the U.S. Bank Loan.

10. Defendants have neither the information nor knowledge sufficient to either admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny each and every allegation contained in paragraph 13 of the Complaint.

## CAUSES OF ACTION

### UNJUST ENRICHMENT

14. Defendants repeat and reallege each and every answer to the previous 13 paragraphs of the Complaint as though set forth more fully herein at length.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint, however, to the extent that this paragraph alleges any wrongdoing on the part of Defendants, said allegations are specifically denied.

16. Defendants deny each and every allegation contained in paragraph 16 of the Complaint.

17. Defendants deny each and every allegation contained in paragraph 17 of the Complaint.

18. Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in paragraph 19 of the Complaint.

20. Defendants deny each and every allegation contained in paragraph 20 of the Complaint.

21. Defendants deny each and every allegation contained in paragraph 21 of the Complaint.

22. Defendants deny each and every allegation contained in paragraph 22 of the Complaint.

23. Defendants deny each and every allegation contained in paragraph 23 of the Complaint.

**DECLARATORY JUDGMENT FOR SUBORDINATION OF U.S. BANK MORTGAGE**

24. Defendants repeat and reallege each and every answer to the previous 23 paragraphs of the Complaint as though set forth more fully herein at length.

25. Defendants make no answer to paragraph 25 of the Complaint inasmuch as it states a legal conclusion. To the extent that this paragraph alleges any wrongdoing on the part of Defendants, said allegations are specifically denied.

26. Defendants deny each and every allegation contained in paragraph 26 of the Complaint.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint, however, to the extent that this paragraph alleges any wrongdoing on the part of Defendants, said allegations are specifically denied.

28. Defendants have neither the information nor knowledge sufficient to either admit or deny the allegations contained in paragraph 28 of the Complaint, however, to the extent that this paragraph alleges any wrongdoing on the part of Defendants, said allegations are specifically denied.

29. Defendants have neither the information nor knowledge sufficient to either admit or deny the allegations contained in paragraph 29 of the Complaint, however, to the extent that this paragraph alleges any wrongdoing on the part of Defendants, said allegations are specifically denied.

30. Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31. Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

**DECLARATORY JUDGMENT FOR PARTIAL SUBORDINATION OF U.S. BANK MORTGAGE**

32. Defendants repeat and reallege each and every answer to the previous 31 paragraphs of the Complaint as though set forth more fully herein at length.

33. Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

34. Defendants deny each and every allegation contained in paragraph 34 of the Complaint.

**WHEREFORE**, U.S. Bank National Association as Indenture Trustee for the Towd Point Mortgage Trust Asset-Backed Securities, Series 2016-4 and Select Portfolio Servicing, Inc. demand Judgment Dismissing the Complaint in its entirety together with costs, attorneys' fees and such other and further relief as this Court deems equitable and just under the circumstances.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief may be granted against Defendants.

#### SECOND AFFIRMATIVE DEFENSE

Plaintiff is barred by the Doctrine of Estoppel.

#### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred by the Doctrine of Unclean Hands.

#### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred by virtue of the fact that any losses sustained by Plaintiff were not within the control of Defendants and were the result of acts of third parties over whom Defendants had no control.

#### FIFTH AFFIRMATIVE DEFENSE

Any damages sustained by the Plaintiff herein were the direct and proximate result of Plaintiff's own actions and Defendants may not be held liable for any portion of said damages.

#### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted inasmuch as Plaintiff has sustained no damages as a result of the allegations contained in the Complaint.

#### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff suffered no prejudice as a result of the loan modification.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff suffered no damages as a result of the loan modification.

### NINTH AFFIRMATIVE DEFENSE

The loan modification did not include any new money to the Debtor.

### TENTH AFFIRMATIVE DEFENSE

The principal of the amount due and owing to U.S. Bank did not increase as a result of the loan modification.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's consent was not needed for the loan modification.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants were not unjustly enriched by the loan modification.

FEIN, SUCH, KAHN & SHEPARD, P.C.
Attorneys for Defendants,
U.S. Bank National Association as Indenture Trustee for the Towd Point Mortgage Trust Asset-Backed Securities, Series 2016-4 and Select Portfolio Servicing, Inc.

By: _____
Gregg P. Tabakin, Esq.

Dated: January 22, 2019